MORITZ WALTER et al., Individually and as Committee of the Person and Property of HERMAN N. WALTER, an Incompetent, Appellants, v. ANNA K. WALTER, Respondent.

Matrimonial actions — action to annul marriage of incompetent upon ground that he is a lunatic is statutory and cannot be maintained by committee of incompetent (Code Civ. Pro. §§ 1747, 1748).

The committee of the person and property of an incompetent cannot as such, under section 2340 of the Code of Civil Procedure, maintain an action to annul the marriage of the incompetent on the

ground that he is a lunatic and was such at the time of his marriage. Since the action to annul a marriage is purely statutory, such an action can be maintained only by a relative, or next friend, of the incompetent, or the incompetent himself, after his restoration to sanity (Code Civ. Pro. §§ 1747, 1748).

*Walter* v. *Walter*, 170 App. Div. 870, affirmed.

(Argued February 28, 1916; decided March 14, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1915, which affirmed an order of Special Term granting a motion by defendants for judgment dismissing the complaint on the pleadings as to the plaintiffs as committee of the person and property of Herman N. Walter, an incompetent.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action in favor of the plaintiffs as committee of the person and property of Herman N. Walter, an incompetent."

The nature of the action and the facts, so far as material, are stated in the opinion.

*Emil Goldmark* and *David Leventritt* for appellants. The complaint states facts sufficient to constitute a cause of action because the plaintiffs, as the committee of the person and property of the incompetent, have the right to institute an action to annul a marriage by reason of the insanity of the incompetent at the time the alleged marriage was contracted. (Code Civ. Pro. §§ 1747, 1748, 2340; *Wightman* v. *Wightman*, 4 Johns. Ch. 343; *Burtis* v. *Burtis*, Hopk. Ch. 557; *Griffin* v. *Griffin*, 47 N. Y. 134; *Higgins* v. *Sharp*, 164 N. Y. 4; *Berry* v. *Berry*, 130 App. Div. 53; *Wood* v. *Wood*, 61 App. Div. 96; *Sporza* v. *G. S. Bank*, 192 N. Y. 8; *Gorham* v. *Gorham*, 3 Barb. Ch. 24; *Parnell* v. *Parnell*, 2 Hagg. Cons. 169.)

*James A. Gray* and *Merle I. St. John* for respondent. Actions to annul a void or voidable marriage may be

brought only as provided in the Code of Civil Procedure. (*Genet* v. *D. & H. C. Co.*, 113 N. Y. 472.) The Code of Civil Procedure specifies who may maintain an action to annul the marriage of a lunatic upon the ground of his lunacy, and it does not mention the committee of the lunatic as one of those who may do so. (Code Civ. Pro. §§ 1747, 1748, 1755; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *E. B.* v. *E. C. B.*, 28 Barb. 299; *Pence* v. *Angle*, 101 Ind. 317; *Winslow* v. *Troy*, 97 Me. 130; *Mackey* v. *Peters*, 22 App. Cas. [Dist. of Col.] 341; *Stokes* v. *Stokes*, 198 N. Y. 301.)

POUND, J. Plaintiffs bring this action to annul, on the ground of lunacy, the marriage to defendant of Herman N. Walter, an incompetent. They sue as relatives of the incompetent, claiming an interest to avoid the marriage (Code Civ. Pro. § 1747) and also as committee of his person and estate.

The court below has held that, as such committee, plaintiffs cannot maintain the action and the question for our consideration is whether the committee of the person and property of an incompetent may, as such, maintain an action to annul the marriage of the incompetent on the ground that he was a lunatic.

The Domestic Relations Law (§ 7 [Cons. Laws, ch. 14]) provides that "actions to annul a void or voidable marriage may be brought only as provided in the Code of Civil Procedure."

VANN, J., in *Stokes* v. *Stokes* (198 N. Y. 301, 304) says: "An action to annul a marriage is purely statutory."

Equity jurisdiction to annul a marriage on the ground of lunacy or fraud, as other contracts might be avoided, existed independently of statute prior to the adoption of the Revised Statutes (*Wightman* v. *Wightman*, 4 Johns. Ch. 343; *Ferlat* v. *Gojon*, Hopkins Ch. 541; *Griffin* v. *Griffin*, 47 N. Y. 134), but when the statutes expressly state the powers of the courts, define how actions to

annul marriages may be brought and prohibit such actions to be brought otherwise, the court may no longer assert its original jurisdiction and add to those who are authorized by statute to maintain such actions. (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456, 465.)

We must, therefore, find in the Code of Civil Procedure the authority of the committee to maintain this action.

Plaintiffs point to the general terms of section 2340, which reads as follows: "A committee of the property, (of an incompetent) appointed as prescribed in this title, may maintain, in his own name, adding his official title, *any* action or special proceeding, which the person, with respect to whom he is appointed, might have maintained, if the appointment had not been made."

Chapter XV of the Code is entitled: "Special provisions, regulating other particular actions and rights of action, and actions by or against particular parties." Title 1 of this chapter is entitled "Matrimonial Actions" and article 1 of said title is entitled: "Action to annul a void or voidable marriage." Sections 1747 and 1748 in said article read as follows:

"An action to annul a marriage, on the ground that one of the parties thereto was a lunatic, may be maintained, at any time during the continuance of the lunacy, or, after the death of the lunatic, in that condition, and during the life of the other party to the marriage, *by any relative* of the lunatic, who has an interest to avoid the marriage. Such an action may also be maintained *by the lunatic,* at any time after restoration to a sound mind; but in that case, the marriage should not be annulled, if it appears that the parties freely cohabited as husband and wife, after the lunatic was restored to a sound mind." (Section 1747.)

"Where no relative of the idiot or lunatic brings an action to annul the marriage, as prescribed in either of the last two sections, the court may allow an action for that purpose to be maintained, at any time during the lifetime

of both the parties to the marriage, *by any person as the next friend* of the idiot or lunatic. But this section does not apply, where the marriage might have been annulled, at the suit of the lunatic, as prescribed in the last section." (Section 1748.)

The latter are the sections of the Code which provide for actions to annul a marriage within the meaning of section 7 of the Domestic Relations Law.

When relatives, the next friend and the incompetent after restoration to sanity are enumerated therein as those authorized to maintain the action, an application of the familiar maxim "*expressio unius est exclusio alterius*" excludes the committee. The general words of section 2340 do not enlarge the specific provisions of sections 1747 and 1748. They cover cases for which provision had not already been specifically made.

The question certified should be answered in the negative and the order affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur.

Order affirmed.