CHARLES REED, Appellant, *v.* SADIE EDWARDS REED, Respondent.

Third Department, February 28, 1921.

**Husband and wife — annulment of marriage on ground of insanity — sane spouse cannot maintain action.**

The sane party to a marriage contract cannot maintain an action against his insane spouse to annul the marriage on the ground of insanity.

APPEAL by the plaintiff, Charles Reed, from a judgment of the Supreme Court in favor of the defendant, entered in

the office of the clerk of the county of Albany on the 10th day of February, 1919, dismissing the complaint on a motion made upon the pleadings at the opening of the trial, on the ground that the same did not state facts sufficient to constitute a cause of action.

*Arthur Helme*, for the appellant.

*Earl Barkhuff*, for the respondent.

H. T. KELLOGG, J.:

This is an appeal from a judgment sustaining a demurrer to a complaint. The complaint is very brief. It alleges that the parties to the action were married on the 11th day of November, 1914; that at the time of the marriage the defendant was a lunatic; that defendant has continued ever since to be insane; that she is now confined in a State hospital for the insane; that the parties have not lived together since the 18th of December, 1914; that there were no issue of the marriage. It is not alleged that the plaintiff was ignorant of the lunacy of the defendant at the time of the marriage, or that any fraud was practiced to conceal from him that fact. The simple question is presented: Can the sane party to a marriage contract maintain an action against his insane spouse to annul the marriage on the ground of insanity? The Code of Civil Procedure provides in section 1743 that an action to annul a marriage may be maintained on the ground of the non-age of a party, the invalidity of the marriage, the idiocy or lunacy of a party, the procurement of the marriage by force, duress or fraud, the physical incapacity of a party, or the relationship of the parties within prohibited degrees. It specifically provides that if infancy be the ground the action may be maintained only on behalf of the infant. (§ 1744.) It specifically provides that either party may bring the action on the ground of the invalidity of the marriage. (§ 1745.) It fails to specify which party may sue in case of the relationship of the parties within prohibited degrees. From this it may be assumed that in such case an action will lie in favor of either party. As to the three remaining grounds for annulment it provides that an action will lie on behalf of the idiot or lunatic, in favor of the defrauded or injured

party, and in favor of the capable against the incapable party, or, if the incapable party were married when unaware of his incapacity, then in favor of either party. Clearly a party who procures a marriage by fraud or a party who marries knowing that he is incapable ought not to be permitted to avoid the marriage, the one for his fraud or the other for his incapacity. Neither of them, however, is expressly debarred from bringing suit. The sane party to a marriage with an insane person is under the statute in a precisely similar situation. He is neither given nor expressly denied a right to maintain an action. We think that the Legislature in expressly naming the particular parties who might bring suit for annulment intended thereby to exclude all other persons from rights of action. Accordingly, we hold that a sane party to a marriage with an insane party may not bring suit to avoid it on the ground of insanity. It is clearly for the public good that this should be the law. Otherwise a man knowingly marrying an insane woman might, after cohabitation, discard her at will. We think that the demurrer was properly sustained.

The judgment should be affirmed.

All concur, KILEY, J., with a memorandum, in which WOODWARD, J., concurs.

KILEY, J. (concurring):

This is an appeal from a judgment dismissing plaintiff's complaint upon the ground that it does not state facts sufficient to constitute a cause of action. Mr. Justice H. T. KELLOGG writes sustaining the judgment. I concur in the result, but find ground for my exception in the following rule laid down in the opinion, viz.: " Accordingly, we hold that a sane party to a marriage with an insane party may not bring suit to avoid it on the ground of insanity." In the abstract this is correct; that is, the insanity alone does not furnish ground for a cause of action, but to hold or seem to hold that any sane party may not, under any circumstance, maintain an action for annulment of marriage against an insane party does not seem to me tenable. Section 10 of the Domestic Relations Law defines marriage as a civil contract. Section 7 of the Domestic Relations Law provides that " Actions to

annul a void or voidable marriage may be brought only as provided in the Code of Civil Procedure." This contemplates only the procedure to be followed. Section 1750 of the Code of Civil Procedure, so far as pertinent here, provides: " An action to annul a marriage, on the ground that the consent of one of the parties thereto was obtained by force, duress, or fraud, may be maintained, at any time, by the party whose consent was so obtained." This right to either party, and the jurisdiction of the court to hear such action and render judgment therein, exist, independent of the provisions of statute. (*Fisk* v. *Fisk*, 6 App. Div. 432.) Any contract may be avoided for fraud if the party defrauded does not confirm the contract after the fraud is discovered by him. The waiver of the fraud may be effected in a variety of ways. Had the complaint alleged that defendant was insane at the time of the marriage and such fact was fraudulently concealed from plaintiff; that deception was practiced upon him in concealing defendant's mental condition, and by such deception he was led to enter into such contract, and that he had not confirmed nor waived the fraud, the action could be maintained. The complaint does not contain such allegation, and, therefore, does not state facts sufficient to constitute a cause of action.

Woodward, J., concurs.

Judgment affirmed, with costs.