THEODORE MARVIS, Plaintiff, *v.* LOUISE C. GABLER MARVIS, Defendant.

Supreme Court, Kings Special Term, April 20, 1925.

Husband and wife — annulment of marriage — sane party has no right of action to annul marriage on ground of insanity of other party — Civil Practice Act, art. 67, and Domestic Relations Law, §§ 5, 6 and 7, applied.

A sane party may not maintain an action to annul a marriage against the other party who was, at the time of the marriage and still is, insane, under the provisions of article 67 of the Civil Practice Act and sections 5, 6 and 7 of the Domestic Relations Law.

ACTION for annulment of marriage.

*Buchdal & Males,* for the plaintiff.

*Joseph H. Breaznell,* guardian *ad litem* for the defendant.

*Theodore K. McCarthy,* for children of the parties.

LAZANSKY, J.:

Action to annul a marriage on the ground that defendant was at the time of the marriage, and still is, insane.

Article 67 of the Civil Practice Act, entitled "Action to annul a marriage," makes no provision for an action to be brought by the sane person. There is cogent reason for concluding that actions to annul a marriage are not purely statutory. Section 7 of the Domestic Relations Law (as amd. by Laws of 1924, chap. 165), after naming four conditions under which a marriage may be voidable, provides: "Actions to annul a void or voidable marriage may be brought only as provided in the Civil Practice Act and Rules of Civil Practice."

That this was intended to regulate procedure, and not to restrict the right to cases mentioned in article 67 of the Civil Practice Act (*Whitney* v. *Whitney,* 121 Misc. 485), is shown by the following:

(1) Section 1133 of the Civil Practice Act provides that where the marriage is sought to be annulled on the ground that one or both of the parties had not attained the age of legal consent, the action may be maintained by the infant, or by either parent of the

infant, or by the guardian of the infant's person; or the court may allow the action to be maintained by any person as the next friend of the infant. It then provides: "But a marriage shall not be annulled at the suit of a party who was of the age of legal consent when it was contracted. * * * "

If it was intended by the Legislature that the sane person may not bring the action, would it not have been so stated in such case, as in the case of infancy it is stated the one of age of legal consent may not sue? (*Liske* v. *Liske*, 135 N. Y. Supp. 176, per GREENBAUM, J.)

(2) Section 5 of the Domestic Relations Law provides that certain marriages are incestuous and void. As already pointed out by section 7, actions to annul a void or voidable marriage may be brought only as provided in the Civil Practice Act and Rules of Civil Practice. There is no provision in article 67 of the Civil Practice Act for the bringing of an action where the marriage is void because incestuous. Yet it clearly appears that the Legislature intended that such an action might be brought, for it is provided by the Civil Practice Act, section 1135, subdivision 5: "If a marriage be declared a nullity as incestuous, a child of the marriage is deemed the legitimate child of both parents."

(3) Section 1135, subdivision 7, provides in part: "If a marriage be declared a nullity or annulled for any cause * * * other than those specified in the foregoing subdivisions, the court by the judgment may decide that a child of the marriage is the legitimate child of either or both of its parents."

All of the grounds for annulling a marriage recited in sections 5, 6 and 7 of the Domestic Relations Law are set forth in section 1135. Therefore, the Legislature in framing article 67 must have had other causes of action for annulment in mind and did not intend it to be exclusive. Without any analysis of the Domestic Relations Law and article 67 of the Civil Practice Act, but having in mind that " equity jurisdiction to annul a marriage on the ground of lunacy or fraud, as other contracts might be avoided, existed independently of statute prior to the adoption of the Revised Statutes (*Wightman* v. *Wightman*, 4 Johns. Ch. 343; *Ferlat* v. *Gojon*, Hopkins Ch. 541; *Griffin* v. *Griffin*, 47 N. Y. 134)," the Court of Appeals, in *Walter* v. *Walter* (217 N. Y. 439) say (at p. 441): "But when the statutes expressly state the powers of the courts, define how actions to annul marriages may be brought and prohibit such actions to be brought otherwise, the court may no longer assert its original jurisdiction and add to those who are authorized by statute to maintain such actions."

The question in the *Walter* case was: Since the Legislature has

provided who may bring an action in behalf of a lunatic, may the courts enlarge the number? The answer to this question did not require the comprehensive statement of the court. That it was intended as a statement of a rule that the right to begin an action was limited by the provisions of section 7 of the Domestic Relations Law (as amd. by Laws of 1924, chap. 165) and article 67 of the Civil Practice Act is shown by the court's approval of what was said in *Stokes* v. *Stokes* (198 N. Y. 301, 304): "An action to annul a marriage is purely statutory." It seems to me if a court of equity has inherent power to annul a marriage on the ground of lunacy (*Griffin* v. *Griffin,* 47 N. Y. 134; *Wightman* v. *Wightman,* 4 Johns. Ch. 343; *Crump* v. *Morgan,* 38 N. C. 91), that power is not lost by statutory provision. The basis of the statement that equity has such inherent jurisdiction is that since equity may annul all contracts for a cause such as lunacy, it may, of course, do so in the case of a marriage contract. (*Griffin* v. *Griffin,* 47 N. Y. 134.) But the general rule seems to be that equity will only act in behalf of the insane person (*Whitney* v. *Whitney,* 121 Misc. 485), yet in *Powell* v. *Powell* (18 Kans. 371), an action brought by the sane person against the insane person, it is stated (at p. 381): " Independently of the provisions relating to divorce, the district court has full jurisdiction to afford the plaintiff requisite relief."

However, I have not in a hurried search been able to find a case in England prior to the adoption of our Constitution in which a court, ecclesiastical or equity, annulled a marriage at the instance of the sane person. There are cases in England in the last century. (*Durham* v. *Durham* [1885]; *Hunter* v. *Edney* [1885], and *Cannon* v. *Smalley,* [1885] 10 L. R. Prob. Div. 80 *et seq.* See, also, *Jackson* v. *Jackson,* [1908] 24 T. L. R. 674.)

Because of the statement in the *Walter* case I have deemed it unnecessary to make a thorough investigation of the situation in the English courts prior to the adoption of our State Constitution and have concluded that it is my duty to follow what is said in that case. (See, also, *Reed* v. *Reed,* 195 App. Div. 531.) If the insanity is unknown to the other party and the condition continues after marriage, and there is no confirmatory act after discovery, the innocent party should be relieved from a relationship which surely can bring no benefits and may result in much unhappiness. It seems, however, the Legislature must pave the way.

The complaint is dismissed upon the ground that plaintiff has failed to prove facts sufficient to constitute a cause of action. The dismissal is without prejudice.