THEODORE MARVIS, Appellant, *v.* LOUISE C. GAEBLER MARVIS, Respondent.

Second Department, March 26, 1926.

**Husband and wife — annulment of marriage — husband sane at time of marriage may have marriage annulled on ground that wife was then insane — Civil Practice Act, § 1132, and Domestic Relations Law, § 7, subd. 2, applied.**

The Supreme Court has general jurisdiction in law and equity and may obtain jurisdiction of an action by a husband to annul his marriage on the ground that at the time thereof his wife was insane, although he was sane at the time of the marriage.

Under the equity powers of the Supreme Court, supplemented by section 1132 of the Civil Practice Act, and also by virtue of subdivision 2 of section 7 of the Domestic Relations Law, the plaintiff had the right to maintain this action for the annulment of his marriage.

APPEAL by the plaintiff, Theodore Marvis, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 1st day of May, 1925, upon the decision of the court rendered after a trial at the Kings Special Term.

*Milton G. Buchdahl* [*Louis Lempel* with him on the brief], for the appellant.

*Joseph H. Breaznell,* for the respondent.

PER CURIAM. We are of the opinion that the court has ample power to grant the relief prayed for in the present case and that our jurisdiction is wholly unaffected by the omission of the Legislature to mention the same party to a marriage as a person by whom an action might be instituted. The Supreme Court has general jurisdiction in law and equity (Const. art. 6, § 1) and hence the Legislature cannot limit or abridge its jurisdiction. In *Wightman* v. *Wightman* (4 Johns. Ch. 343) it was held that a court of equity had jurisdiction at the instance of a person, sane at the time of the commencement of the action but insane at the date of the marriage and for some six months subsequent thereto, to annul a marriage upon the ground of the insanity of the plaintiff at the time of the marriage, the chancellor stating that jurisdiction existed independently of statute and that, therefore, it exists still, in spite of any legislation on the subject. The Court of Appeals in *Walter* v. *Walter* (217 N. Y. 439) recognized the existence of this jurisdiction and cites the *Wightman*

case as an authority. The ruling in the *Walter* case is not an authority which can be invoked to sustain the respondent's position here. The precise point decided in the *Walter* case is that equity could not add to the parties, by whom such a suit could be instituted, those who had never been recognized by a court of equity as appropriate parties plaintiff or given statutory authority to institute such an action.

We have not overlooked the case of *Reed* v. *Reed* (195 App. Div. 531), wherein the respondent's contention was upheld by a divided court. That case, however, is not controlling and cannot receive our approval.

We hold that under the equity powers of this court, supplemented by section 1132 of the Civil Practice Act (formerly Code Civ. Proc. § 1743) and also by virtue of section 7, subdivision 2, of the Domestic Relations Law (as amd. by Laws of 1924, chap. 165) the plaintiff had the right to maintain his suit for annulment.

The judgment dismissing the plaintiff's complaint should be reversed upon the law and the facts, and judgment granted to the plaintiff for the relief prayed for in the complaint.

KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ., concur.

Judgment dismissing plaintiff's complaint reversed upon the law and the facts, and judgment granted to the plaintiff for the relief prayed for in the complaint. Proper findings in accordance with this decision may be submitted. Settle order on notice.