ALEX GILELS, Plaintiff, *v.* CELIA GILELS, Defendant.*

Supreme Court, Onondaga County, November 30, 1935.

*Arnold A. Ullman,* for the plaintiff.

*Tracy H. Ferguson,* guardian *ad litem* and attorney for the defendant.

ZOLLER, J. Plaintiff is a resident of the city of Syracuse. Defendant is an inmate of the State Hospital at Utica, where she was committed on May 19, 1935. Plaintiff and defendant were married on June 30, 1922, and there are two children of the marriage.

Plaintiff has brought this action for the annulment of said marriage and asks to have the custody and control of said two children.

Two causes of action are alleged in the complaint. Defendant through her guardian *ad litem* made a motion under rule 107 of the Rules of Civil Practice for an order dismissing the first cause of action alleged in the complaint, on the ground that it did not accrue within the time limited by law for the commencement of an action thereon.

* Affd., 247 App. Div. 922.

The first cause of action contains the usual allegations regarding the residence of the parties, their marriage and the issue thereof and further alleges in substance that the defendant is insane and was insane at the time of their marriage and had been for many years prior thereto and was incapable of contracting a marriage; that her condition has become increasingly worse and that she is incurable; that she was first committed to a State hospital on November 8, 1932, since which time she has been transferred from one hospital to another and was finally taken to the Utica State Hospital on May 19, 1935, where she is now confined and will be for the remainder of her natural life and that at the time said marriage was entered into plaintiff was wholly unaware of the fact that the defendant was insane or had been insane and was liable to be insane for the remainder of her life. It is further alleged that plaintiff has not cohabited with the defendant since the discovery of her insanity and, upon information and belief, that the defendant has never been judicially declared insane, nor has a committee of her person or property been appointed.

This cause of action is founded upon the provisions of section 1137 of the Civil Practice Act, as amended by chapter 83 of the Laws of 1928, which section provides for an action to annul a marriage on the ground that one of the parties thereto was a lunatic. Before the amendment the provisions of said section 1137 were not available to the party to the marriage who was sane, but were available only to the party who was a lunatic, or any relative of the lunatic who had an interest to avoid the marriage after the death of the lunatic and during the lifetime of the other party to the marriage. (*Hoadley* v. *Hoadley*, 244 N. Y. 424; *Reed* v. *Reed*, 106 Misc. 85; affd., 195 App. Div. 531.)

Plaintiff has brought his action, in so far as the first cause of action is alleged, under the amendment which reads as follows: " Where one of the parties to a marriage was a lunatic at the time of the marriage, an action may also be maintained by the other party at any time during the continuance of the lunacy, provided the plaintiff did not know of the lunacy at the time of the marriage." He argues through counsel that such an action may be brought by him in 1935, although the marriage occurred in 1922, at which time, he alleges, his wife was a lunatic, because of the plain, simple and clear language of the amendment which says in substance that such an action may be brought *at any time* during the continuance of the lunacy and provided the plaintiff did not know of the lunacy at the time of the marriage, and this allegation is contained in his complaint.

In support of his position, counsel for plaintiff has cited the case of *Campbell* v. *Campbell* (239 App. Div. 682; affd., 264 N. Y. 616), which has to do with section 1139 of the Civil Practice Act, the provisions of which relate to an action to annul a marriage on the ground of force, duress or fraud and are available to the party whose consent to the marriage was so obtained. That section also contains a provision that an action to annul a marriage on the stated ground may be maintained during the lifetime of the other party to the marriage by the parent or the guardian·of the party whose consent was obtained by force, duress or fraud, or by any relative of that party who has an interest to avoid the marriage. That section has not been amended in a manner similar to the amendment of section 1137, and in the *Campbell Case* (*supra*) the action was brought by the plaintiff, the husband, as the one whose consent was obtained by fraud. In that case the marriage occurred more than ten years prior to the commencement of the action and the court held that three affirmative defenses set up in the answer, namely, laches, the ten-year and the six-year period limitations (Civ. Prac. Act, §§ 53 and 48) should be stricken out. As stated in the opinion: " The construction which we deem must be placed upon the statute·is that it precludes all affirmative defenses based upon a period of time, regardless of how they may be denominated." In other words, the majority opinion held that plaintiff had a cause of action under the provisions of section 1139, although his action was brought more than ten years after the marriage and about ten years after his discovery of the facts constituting the alleged fraud. This latter period is not disclosed exactly in the case as reported. The dissenting opinion held that the affirmative defense of laches was properly interposed.

Counsel, therefore, argues that by analogy the same reasoning and principles stated by the majority opinion in the *Campbell* case should be applied to section 1137 and for that reason he maintains that the first cause of action in the complaint here, brought pursuant to the provisions of said section, should not be dismissed upon the ground that it did not accrue within the time limited by said sections 53 and 48.

It will be noted in the first place that the action here is one brought not by the alleged lunatic or any relative of the lunatic who has an interest to avoid the marriage, but has been brought by the sane spouse. While it is true that the three words " at any time " are used in said section 1137 in connection with both rights of action, nevertheless, it seems to me that it is fair and proper to make a distinction as to their meaning and significance

as used in connection with a right of action given a lunatic and a right of action given a sane person. The sane spouse must bring his or her action at any time during the continuance of the lunacy. There is no provision that any such action may be brought after the death of the lunatic or during the lifetime of the lunatic by any relative of the sane spouse. In reaching their decision, the three justices who wrote the *per curiam* opinion in the *Campbell* case obviously had in mind and gave much weight to that particular phraseology of section 1139 which permits an action to be maintained during the lifetime of the other party " by the parent or the guardian of the person of the party whose consent was so obtained, or by any relative of that party who has an interest to avoid the marriage." There the court said: " It is contended that the plaintiff may be deprived of his right to annul his marriage because of laches. In view of the fact that a relative after his death, should defendant survive him, may bring the same action upon proof of an ' interest to avoid the marriage ' that argument would seem to be untenable. It cannot be gainsaid that the laches of this plaintiff would not be attributable to his relatives, and, consequently, would not constitute a defense to the action."

As has been stated, the amendment to section 1137 became effective and available to a person situated as plaintiff is here in February, 1928. Plaintiff in his first cause of action seeks to have the provisions of that amendment apply to a marriage which took place in 1922. In other words, he wants the beneficial provisions of that section to be retroactive. The amendment was not retroactive (*Sleicher* v. *Sleicher*, 224 App. Div. 529; revd. on other grounds, 251 N. Y. 366), and I do not believe that plaintiff may properly claim that he, as the sane spouse to the marriage, is entitled to bring his action under the amendment, in view of the fact that when the marriage occurred in 1922 no such right of action was available to him.

For the reasons stated, my conclusion is that an order should be granted dismissing the first cause of action alleged in plaintiff's complaint.

Defendant's motion granted, without costs.

An order may be submitted accordingly.