THOMAS J. MANGAN, Respondent, v. TERMINAL TRANSPORTATION SYSTEM, INC., Appellant. C. EVERTS MANGAN, Respondent, v. TERMINAL TRANSPORTATION SYSTEM, INC., Appellant. RICHARD T. QUINN, Respondent, v. TERMINAL TRANSPORTATION SYSTEM, INC., Appellant. SUSANNE O. RICE, Respondent, v. TERMINAL TRANSPORTATION SYSTEM, INC., Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

CHARLES L. BRIDGEMAN, Appellant, v. EDWARD L. ANDRUS and JOHN B. LA SALLE, Respondents.— Appeal from judgment dismissing complaint upon the merits at the close of the plaintiff's case. The action is for damages for false imprisonment. Plaintiff complained that the defendants had placed him in custody and maliciously caused him to be committed to the Binghamton State Hospital for the Insane at Binghamton, N. Y. Upon the trial it appeared that a petition for plaintiff's commitment to the State hospital had been made by one of the defendants who was the welfare commissioner of the town where the parties resided. Plaintiff was given notice of the presentation of this petition, a hearing was held thereon and plaintiff committed. Two doctors had certified that he was insane. There is no contention that the order of commitment itself was unlawful or unauthorized. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

# FOURTH DEPARTMENT, APRIL, 1936.

A. LORENA HOWELL, Appellant, v. HERBERT H. HOWELL, Respondent.— Judgment reversed on the facts and new trial granted, with costs to the appellant to abide the event. Finding of fact and conclusion of law disapproved and reversed. All concur, except Edgcomb and Lewis, JJ., who dissent and vote for affirmance. (The judgment dismissed the complaint in an action for absolute divorce.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

ALEX GILELS, Appellant, v. CELIA GILELS, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur, except Sears, P. J., who dissents and votes for reversal on the ground that the wording of the statute is such as to make it refer to marriage contracts contracted before the date of the enactment of the statute (Civ. Prac. Act, § 1137), in view of the provision of section 7 of the Domestic Relations Law, declaring the marriage of an insane person voidable, and further declaring it void from the date it is so pronounced by a court of competent jurisdiction. (The order dismisses the first cause of action in an action to annul a marriage.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ. [159 Misc. 31.]

DIANA BALISTRERI, Respondent, v. FRANCESCO PAOLO, Appellant.— Judgment affirmed, with costs. All concur. (The judgment decrees specific performance of a contract for the sale of real property.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

JESSIE GOODISON, Respondent, v. FRANK E. BROWN, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for damages for personal injuries in an automobile negligence action. The order denies a motion

for a new trial on the minutes.)    Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

WILLIAM J. GOODISON, Respondent, v. FRANK E. BROWN, Appellant.— Judgment and order affirmed, with costs.  All concur.  (The judgment is for damages for personal injuries in an automobile negligence action.  The order denies a motion for a new trial on the minutes.)    Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

AVIS GOODISON, an Infant, by WILLIAM J. GOODISON, Her Guardian ad Litem, Respondent, v. FRANK E. BROWN, Appellant.— Judgment and order affirmed, with costs.  All concur.  (The judgment is for damages for personal injuries in an automobile negligence action.  The order denies a motion for a new trial on the minutes.)    Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

THE BANK OF DEPEW, Appellant, v. CORNELIUS GIBBS, MAYME E. GIBBS and MARGARET H. RAINEY, Respondents.— Judgment modified on the law by providing for recovery in favor of the plaintiff and against the defendants Gibbs in the sum of $3,875, with interest from December 1, 1932, and as so modified affirmed, without costs.  All concur.  (The judgment declares certain deeds valid in an action to set aside conveyance of real property as in fraud of creditors.)    Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

MARGARET HASSETT, an Infant, by JOHN F. HASSETT, Her Guardian ad Litem, Respondent, v. JAMES WIGHTMAN, Appellant, and JAMES LIVINGSTON, Defendant. — Judgment and order affirmed, with costs.  All concur.  (The judgment is for damages for personal injuries in an automobile negligence action.  The order denies a motion for a new trial on the minutes.)    Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

JOHN F. HASSETT, Respondent, v. JAMES WIGHTMAN, Appellant, and JAMES LIVINGSTON, Defendant.— Judgment and order affirmed, with costs.  All concur.  (The judgment is for damages for personal injuries in an automobile negligence action.  The order denies a motion for a new trial on the minutes.)    Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

JOSEPH TOTORIS and LUDVIKA TOTORIS, His Wife, Respondents, v. ANTHONY WELIKES, Appellant.— Judgment reversed on the law, with costs, and motion denied, without costs.  Memorandum: The affidavits present a question of fact as to the existence of consideration for the note alleged in the complaint and this question of fact is one which we are constrained to hold must be submitted to a jury.  All concur.  (The judgment was entered upon an order granting summary judgment in an action on a promissory note.)    Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

ANNA F. BROWN, Respondent, v. EDWARD G. BROWN, Appellant.— Orders affirmed, with ten dollars costs and disbursements.  All concur.  (The first order strikes out a separate defense and the second order directs payment of counsel fees in an action for separation.)    Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

CHARLES BIRD, Plaintiff, v. LEWIS BROTSKY and Others, Defendants.— Order affirmed, with ten dollars costs and disbursements.  All concur.  (The order denies a motion to vacate the provisions of a previous order punishing the appellant for contempt of court.)    Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.