OPINION OF THE COURT
Ethel B. Danzig, J.
By this application, plaintiff Charles Párente, Jr., as executor of the estate of Emily Wenger, deceased, and said plaintiff and others, as next of kin of said decedent, seek leave of this court to commence an action against the committee of Frank J. Wenger, an adjudicated incompetent who is the surviving spouse of Emily Wenger. The proposed complaint which is attached to the moving papers seeks to annul the marriage of Emily Wenger to Frank Wenger on the ground' that at the time of their marriage, Emily Wenger was unaware that Frank Wenger was an adjudicated incompetent and that this fact was fraudulently concealed from her during their marriage. The complaint also seeks an adjudication that Frank Wenger has no financial interest in the estate of Emily Wenger.
It appears from the allegations that Frank Wenger was adjudicated an incompetent by a judgment of this court rendered on September 14, 1948, and that his marriage to *759 Emily Wenger occurred on October 11,1953, in a ceremony which took place in this State. Emily Wenger died on March 5, 1982.
In order for this court to authorize a lawsuit against the committee of an incompetent, it must be satisfied that the proposed action contains, prima facie, a meritorious claim, upon which relief could be based. (Matter of Shapiro [Meyerson], 253 App Div 741, 742.) Where, as here, the proposed action which abated at the death of the plaintiff’s decedent fails to state a cause of action upon which relief could be granted, and is subject to a valid affirmative defense of Statute of Limitations, no such lawsuit should be authorized.
Under general common-law principles, a cause of action for annulment of a marriage did not survive the death of either of the parties thereto (see Matter of Haney, 14 AD2d 121, 123; Grotsch v Hassey, 133 Misc 373), since such a cause was considered purely personal in nature (see Hegerich v Keddie, 99 NY 258). Although the Legislature has modified such rule by statute in the case of a cause of action for annulment in favor of a party to a marriage whose consent thereto was obtained by fraud, force or duress, and in favor of a mentally ill or retarded party grounded upon his or her mental illness or retardation at the time of the marriage (see Domestic Relations Law, § 140, subds [c], [e]; Matter of Haney, supra), it does not appear to have done so for a cause of action for annulment in favor of the competent party to the marriage grounded solely upon the mental illness or incompetence of the other party at the time of the marriage. In fact, such a cause of action did not even exist prior to the amendment in 1928 of former section 1137 of the Civil Practice Act, by chapter 83 of the Laws of 1928. (See Gilels v Gilels, 159 Misc 31, 32, affd 247 App Div 922.) In any event, it has been held in substance that any question as to the survival of such a cause of action, or as to the person or persons who may properly maintain same, is to be resolved by resorting exclusively to the relevant statutory provisions which, being in derogation of the common law, are, of course, to be strictly construed (see Walter v Walter, 217 NY 439; see, also, Matter of Haney, supra). Thus, in the Walter case *760 (supra), the Court of Appeals held that where the relevant statutes then in effect specifically enumerated the persons authorized to maintain a cause of action for annulment of a marriage based upon the mental incompetency of one of the parties thereto at the time it was contracted, and such enumeration did not include the incompetent’s committee, application of the familiar maxim “expressio unius est exclusio alterius” required a finding that the latter lacked the requisite standing. (Supra, at p 443.) By parity of reasoning, there being no provision in the present statute (i.e., Domestic Relations Law, § 140, subd [c]) authorizing the maintenance of such a cause of action by the relatives or the personal representative of the deceased competent party during the lifetime of the mentally ill party (see Gilels v Gilels, supra, at p 34), it must be concluded that such relatives and such representative likewise lack the requisite standing to maintain such a cause of action. It follows, then, that the cause of action for annulment attempted to be asserted in the proposed complaint herein, insofar as it may be predicated upon the ground set forth in subdivision (c) of section 140 of the Domestic Relations Law, did not survive the death of the proposed plaintiffs’ decedent, and must be deemed to have abated upon the occurrence of such event.
Assuming, arguendo, that the proposed action does not abate on death, the court is still not persuaded that plaintiffs have shown, even prima facie, that a meritorious claim upon which relief could be granted exists. This is because the proposed complaint fails to state a cause of action and is subject to a valid defense of Statute of Limitations.
In Romano v Romano (19 NY2d 444), it was established that the three-year period provided by CPLR 214 (subd 7) for the commencement of an action to annul a marriage for fraud is an inherent part of the cause of action, i.e., a condition precedent to liability, and, as such, the burden is cast upon the plaintiff to plead and prove that he has brought the action within the prescribed time limit. Although the proposed complaint here submitted concedes that the proposed plaintiffs’ decedent “discovered (her husband’s) insanity”, no mention whatever is made as to the *761 time when such discovery took place. Accordingly, it must be concluded that said complaint fails to state a cause of action for annulment under subdivision (e) of section 140 of the Domestic Relations Law based upon the incompetent’s alleged fraudulent concealment of his mental illness. Furthermore, insofar as can be discerned from the papers here submitted, such proposed cause of action appears to be time barred. In an uncontroverted affirmation submitted in opposition to this application, it is stated that the plaintiff executor, in a proceeding pending in Nassau County, admits that his decedent had discovered her husband’s incompetency sometime in 1977. According to the defendant, plaintiff executor stated the following: “It was only in 1977 after Emily Wenger’s action for divorce against Frank Wenger was dismissed on the ground that the summons and complaint were not served on the committee for the incompetent that Emily Wenger found out that Frank Wenger was incompetent.”
If this is the case, the proposed cause of action based upon the incompetent’s alleged fraud must, by virtue of the provisions of CPLR 214 (subd 7) and 203 (subd [f]), be deemed to have become time barred no later than two years after such discovery, i.e., sometime in 1979. The effect of the last-cited provisions is to permit the action in question to be brought, either three years after the cause of action for fraud accrued (i.e., when the fraud was committed), or two years after the facts constituting the fraud were discovered by the proposed plaintiffs’ decedent, whichever period gives the plaintiffs the longer time to sue. (See 18 Carmody-Wait 2d, NY Prac, § 113:65; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214:7, pp 439-440.) Since the fraud alleged in the proposed complaint was committed in 1953, and was discovered no later than 1977, any cause of action based thereon would be time barred.
Finally, the court notes that the proposed annulment action is a thinly disguised attempt to defeat the incompetent’s right of election pursuant to EPTL 5-1.1. In that regard, it cannot achieve the purpose for which it would be brought. Since the enactment of EPTL 5-1.2 (subd [a], par [1]) it has been authoritatively held that a postdeath *762 annulment does not bar a surviving spouse’s right of election under EPTL 5-1.1 against the estate of the decedent spouse (Bennett v Thomas, 38 AD2d 682); nor, presumably, in view of the explicit language of the aforesaid EPTL provisions, would such an annulment affect any other rights the former might have in the latter’s estate under the provisions of EPTL 4-1.1, 5-1.3, 5-3.1 and 5-4.4. Under the provisions of EPTL 5-1.2 (subd [a], par [2]), as was noted by the court in the case last mentioned (p 683), the surviving husband’s “right to elect against his wife’s estate became fixed and unalterable upon the wife’s death”. Accordingly, to the extent that the earlier decision by the same court in Matter of Haney (supra), rendered prior to the enactment of the EPTL, held to the contrary, it may no longer be regarded as viable or controlling.
For all of the reasons indicated, the application is denied and the petition (incorrectly denominated as an affidavit in support of a motion) is dismissed.