### IN THE

## Supreme Court of the State of Georgia,

## AT MILLEDGEVILLE,

## JUNE TERM, 1867.

Present—HIRAM WARNER, *Chief Justice.*
IVERSON L. HARRIS, ⎱ *Judges.*
DAWSON A. WALKER, ⎰

LEONARD WORTHY, plaintiff in error, *vs.* MARY A. WORTHY, by her *prochein ami*, NATHAN RESPASS, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

A suit for a total divorce, brought in the name of a lunatic wife, by *prochein ami*, against her husband, cannot be maintained. The right to institute such suit is strictly personal. It is at the volition of the wife only, whether such suit shall be begun and prosecuted or not.

The will of a *prochein ami* or guardian of a confirmed lunatic may not be the will of the lunatic. Courts will regard only the *intelligent will* of the *lunatic*.

Divorce. Demurrer. Decided by Judge COLE. From Crawford Superior Court. Chambers, May, 1866.

This case was argued December Term, 1866, and held up. Mary A. Worthy, (sueing by her next friend and father, Nathan Respass,) in her libel, alleged, that she married defendant in 1858, lived with him till about the first of Novem-

ber, 1865, when she became insane, and was by him sent to the Lunatic Asylum, where she then was, and that he was guilty of adultery with persons therein named, with the other usual allegations in such cases, and a schedule of property, verified by said next friend.

The defendant, by his solicitors, filed a general demurrer. By consent it was argued in Chambers.

The Court overruled the demurrer, and ordered defendant to answer. This action of the Court is assigned as error.

ROBERT P. TRIPPE, P. W. ALEXANDER and JAMES W. GREEN, solicitors for plaintiff in error.

JAMES M. SMITH, for defendant in error.

HARRIS J.

This is a suit instituted by the father of a female lunatic as her next friend, against the defendant, her husband, for a total divorce, on the ground of adultery, and the question is, whether a guardian or next friend can, of his own will, institute such a suit, and prosecute or abandon it at his pleasure?

Mrs. Worthy was at the institution of this suit a lunatic, and confined in the asylum near Milledgeville.

It does not appear that, after her affliction, at any time, she had a lucid interval; for if she had, and that being shown, and that during that interval she had directed suit for divorce to be brought, it should have been in her own name, without appearance by next friend. This suit is an indirect admission that she had no lucid interval, and for the purposes of this decision we will assume that the fact is so.

If a guardian or next friend has the power insisted upon, we desire to learn whence it is derived. It certainly is not given by express provision of law, nor can it legitimately be deduced from the personal custody of the ward, which imposes certain duties on the guardian which he must perform. We confess that, notwithstanding the very able argument of the counsel for the father of Mrs. Worthy, we are unable to regard the right to sue for a divorce in any other light than

as *strictly personal* to the party aggrieved.   It is *solely under the control of the person injured by the infidelity of the other;* it is at the *volition* of that party whether a suit shall be begun and prosecuted or not.   (See 2 *Kent Com.*, p. 100.)

This principle laid down by Chancellor Kent, if correct, is decisive of the case.

It is clear the wife gave no assent to the bringing of this suit; she is a confirmed lunatic, and from the first was *incapable of volition*.   What though she should continue a confirmed lunatic, and the husband should continue by repeated adulteries to violate his marriage vow and duties?—the marriage cannot be dissolved at the instance and will of father, brother, or friend, whose feelings and delicacy may have been outraged by the conduct of the husband?   *Their will* may not be *her* will; her will, *intelligent will*, only can be regarded by a Court, not theirs.   It may be inconvenient and greatly to be deplored that such a state of things exist. Nor can it be remedied by law, without destroying the safe foundation on which the continuance of the marriage relation reposes—that of its being personal to the party aggrieved.

For the crime of adultery with which the husband is charged, the law has provided punishment, and the father or friend may prosecute at their will—but whether, after gross and repeated infidelities, the wife will continue to regard him as her husband, and live with him as his wife, *is for her decision only*.   Death only can dissolve the marriage relation without *her* consent, and no divorce can or ought to be had in this or any case but through the agency and *will* of the injured wife.

Let the judgment be reversed, on the ground that the suit should have been dismissed, as it was improperly brought by a *prochein ami*.