The Chicago and Atlantic Railway Company

*v.*

Ellen Carey, Admx.

*Filed at Ottawa November 14, 1885.*

1. Practice—*directing what the verdict shall be, on failure of proof by the plaintiff.* If, when the plaintiff in a cause closes his case, there is no evidence tending to prove a material fact essential to a recovery, the court should, on request, instruct the jury that upon the evidence before them it is their duty to find for the defendant.

2. So in an action by the personal representative of a person killed by passing cars of a railway company, if the proof shows the killing, only, and there is no evidence tending to show negligence on the part of the defendant or its servants, the court should, on request of defendant, instruct the jury to find for the defendant; but if there is any evidence from which such negligence may be inferred, no matter by which party introduced, the court should not take the case from the jury by instruction.

3. Negligence—*as to proof of use of due care.* A person was killed in the night time by cars in motion. There was no eye-witness of the injury. The proof showed that about midnight the deceased left a store a few blocks distant from the place of the accident, and started on the sidewalk in the direction of his home, and was then duly sober, and that the place where he was killed was on his direct route home, and the accident must have happened very soon after he was last seen that night: *Held,* in an action to recover for his death, that the circumstances were such as might justify an inference whether or not the deceased used due care, and that direct proof on this point was not necessary.

4. Allegations and proofs—*in action to recover for death of a person, by next of kin, etc.—proof as to loss of support, under the pleadings.* In an action by the administratrix of a deceased person to recover damages for negligently causing his death, the declaration averred that by the death of the deceased, (plaintiff's husband,) the widow and minor children named were deprived of their support, and said minors of their means of education, to the damage, etc.: *Held,* that such averment was sufficient to admit evidence tending to show the ability of the deceased to earn money.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Mr. W. O. Johnson, and Mr. J. S. Slick, for the appellant:

The children of deceased are not entitled to recover for injury, beyond their majority. *Walters* v. *Railroad Co.* 36 Iowa, 458.

Next of kin not dependent on deceased for support, and having no reasonable expectation of pecuniary benefit from him, are entitled to nominal damages only. *Railroad Co.* v. *Swett*, 45 Ill. 197; *Railroad Co.* v. *Shannon*, 43 id. 338.

The court erred in allowing evidence that decedent was a strong, able-bodied man, and able to earn money, because there is no such allegation in the declaration. Proof of the physical condition, bodily health, or ability to render valuable services, is not admissible unless such facts are alleged. *Gilligan* v. *Railroad, Co.* 1 E. D. Smith, 453; *Stafford* v. *Drew*, 3 Duer, 626; *Rogers* v. *Smith*, 19 Ind. 323; *Pennsylvania Co.* v. *Lilly*, 73 id. 252; *Regan* v. *Railroad Co.* 51 Wis. 599; *Quinn* v. *Moore*, 15 N. Y. 432.

The burden of proof was on plaintiff to show that deceased used all due care. *Dyer* v. *Talcott*, 16 Ill. 300; *Railroad Co.* v. *Fay*, id. 558; *Murphy* v. *Railroad Co.* 45 Iowa, 661; *Railroad Co.* v. *Eaton*, 53 Ind. 307.

Where the circumstances point just as much to negligence on his part as to its absence, or point in neither direction, a recovery can not be had. *Cardell* v. *Railroad Co.* 75 N. Y. 330; *Willoughby* v. *Railroad Co.* 37 Iowa. 432.

Where the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court. should direct a verdict for the defendant. *Pleasants* v. *Fant*, 22 Wall. 116; *Herbert* v. *Butler*, 97 U. S. 319; *Bowditch* v. *Boston*, 101 id. 16; *Griggs* v. *Houston*, 104 id. 553. And see 15 Am. & Eng. Ry. Cases, 243.

The total failure of the appellee to introduce any evidence tending to show that the deceased was, at the time of the ac-

cident, in the exercise of due care, is of itself sufficient to have authorized the court to direct the verdict. *Hendrick* v. *Lindsay*, 93 U. S. 143; *Commissioners* v. *Clark*, 94 id. 278; *Pleasants* v. *Faut*, 22 Wall. 116.

The mere fact of an injury having been suffered is not enough to establish a charge of negligence against the person causing the injury. Shearman & Redfield on Negligence, secs. 5, 6; *Curtis* v. *Railroad Co.* 18 N. Y. 534; 20 Barb. 282.

Mr. C. Stuart Beattie, and Mr. Edward H. Morris, for the appellee:

The declaration alleged: "And that by reason of the death of the said William Carey, as aforesaid, the said Ellen Carey has been and is deprived of her support, and the said children (naming them) have been and are deprived of the means of their support and education." Under this allegation of damage, proof that deceased was a strong man, and of his ability to earn money, and his habits, was properly admitted. It will be presumed he provided for his family. *Railroad Co.* v. *Warner*, 108 Ill. 546; *Railroad Co.* v. *Moranda*, 93 id. 304.

The question of care, skill and prudence is to be left to the jury. *Railway Co.* v. *Bray*, 57 Ill. 515; *Railway Co.* v. *Jackson*, 55 id. 492; *Pennsylvania Co.* v. *Webber*, 76 Pa.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action on the case, brought by the appellee, as administratrix, against the appellant, the Chicago and Atlantic Railway Company, to recover damages for the killing of appellee's husband by one of the appellant's trains at a public crossing of Fifty-first street, in the town of Lake, in Cook county. There was no witness of the occurrence. Deceased spent the evening at the store of one Hart, on Fifty-first street, about five blocks east of the appellant's tracks, and was last seen, before the injury, by Hart, about 12:30 A. M., when deceased left Hart's store to go to his home

west of the track, and started west on Fifty-first street. That street runs east and west, and the railroad crosses it running north and south. There is a sidewalk on each side of Fifty-first street. About half-past one o'clock A. M., deceased was found in a water-closet about four hundred feet west of the tracks, alive, with only one shoe on. His face and hands were bruised and foot crushed. There was blood all the way from the track and Fifty-first street to this closet. Deceased's other shoe was found in the morning on the north side of Fifty-first street, wedged in between the track and the boards of the sidewalk.

At the trial, after the plaintiff had introduced all of her evidence and rested, defendant's counsel moved the court to dismiss the case for want of sufficient evidence to maintain it, and that motion being overruled, evidence was introduced on the part of the defendant, and after all the evidence was in, defendant's counsel again asked the court to instruct the jury that, upon the evidence before them, it was their duty to find a verdict for the defendant. The court refused to so instruct, and these rulings of the court are assigned as error. Had this instruction been asked at the conclusion of plaintiff's evidence it should then have been given, as there had been then introduced no evidence of defendant's negligence, all the evidence looking in that direction being that of a witness who, at the probable time of the accident, was three or four hundred feet away, and testified that he had no recollection of hearing the whistle or bell. But the testimony introduced by the defendant furnished such evidence tending to show negligence, that it was then, in our opinion, proper for the court to refuse such an instruction, and if so, appellant has no just ground of complaint for either one of the court's rulings.

Defendant's testimony showed that about midnight a gravel train came in from the south, and stopped at Fifty-first street. The train was there opened enough to make a cut at the street crossing, and was so left cut in two for a while. Twelve or

fifteen cars were pulled over the street to the north side, and the others left on the south side. A short time afterward the train was moved north of Fifty-first street to Forty-ninth street, by another engine,—a switch engine,—and put on a side-track there, where the gravel cars were to be unloaded. In doing this, the engineer of the switch engine testified that near midnight he coupled on to the cars of the train which stood north of Fifty-first street,—about twelve or fifteen cars north of Fifty-first street, — pushed them across Fifty-first street against those standing on the south side, coupled them, and pulled them north over Fifty-first street; that there was a headlight on both ends of the switch engine, and the fireman was all the time ringing the bell. Under such evidence introduced by the defendant, the question of negligence could not properly have been taken by the court from the jury, but it should have been submitted to them to say whether, under the circumstances, there was not negligence in thus pushing these cars across Fifty-first street without the taking of more precaution than appears in this case.

It is said there was no proof of the exercise of due care by the deceased. It was in evidence that about midnight he started to walk home on Fifty-first street,—that he was then sober. The situation of the cars would not lead one to think they were suddenly to be moved south across Fifty-first street. These were circumstances from which there might be inference whether or not deceased used due·care. Direct testimony upon the point was not required.

It is insisted there was error in allowing the plaintiff to introduce evidence tending to show the ability of the deceased to earn money, there being no averment in the declaration upon that subject. The position is, that it is necessary the declaration should set forth the facts which are relied on to show that the beneficiaries designated by the statute have sustained pecuniary injury by the death of the deceased, and so that there should have been an averment of this particular

fact of ability to earn money in order to admit proof of it. The averment in the declaration is, that by the death of the deceased, plaintiff's husband, the widow and minors named were deprived of their support, and said minors of their means of education, to the damage of plaintiff, as administratrix, in the sum of $5000. We think this averment was sufficient in the respect of particularity, to admit this particular of evidence objected to.

We do not consider the objections to the instruction given for the plaintiff as well taken, in its application to the facts of this case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*