THE HARTFORD DEPOSIT COMPANY

*v.*

JOHN PEDERSON.

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS—*waiver of error in overruling motion to direct a verdict.* A defendant electing to put in his evidence after his motion for a peremptory instruction, made at the close of the plaintiff's testimony, is overruled, thereby waives his right to assign such overruling as error.

2. PRACTICE—*how to raise question of sufficiency of evidence as one of law.* To raise the question of the sufficiency of the evidence to sustain a verdict against the defendant as one of law for review, where the defendant has put in his evidence, a written instruction should be presented to the court at the close of the evidence, directing the jury to find the defendant not guilty.

*Hartford Deposit Co.* v. *Pederson,* 67 Ill. App. 142, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

BURNHAM & BALDWIN, for appellant.

J. WARREN PEASE, (W. S. ELLIOTT, Jr., of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Appellate Court has affirmed a judgment for $3000 in this case, against appellant, for a personal injury received by appellee by the falling of an elevator owned and operated by appellant, in which he, appellee, was descending as a passenger from an upper story in appellant's building in Chicago. Counsel undertook to preserve the questions of law which have been argued in this court, by moving the trial court, at the close of the plaintiff's evidence, to instruct the jury to find for the defendant. This motion was overruled and the defendant then adduced its evidence, and at the close of all the evidence, using the language of the bill of exceptions, "renewed the motion to take the case from the jury on the plaintiff's testimony." No instruction directing the jury to find the defendant not guilty was presented or asked. By electing to put in its evidence the defendant waived its motion, made at the close of the plaintiff's evidence, to instruct the jury to find for it on the case as made by the plaintiff, (*Chicago and Atlantic Railway Co.* v. *Carey*, 115 Ill. 115,) and after all of the evidence it was clearly proper for the court to deny the motion as made, "to take the case from the jury on the plaintiff's testimony." To raise the question of the sufficiency of all the evidence as a question of law to sustain a verdict against the defendant, the defendant should have presented an instruction at the close of the evidence, and asked the court to give it to the jury, directing them to find the defendant not guilty. No such instruction was asked. (See *Swift & Co.* v. *Fue*, 167 Ill. 443.)

As no question urged here was preserved otherwise than by this motion, the judgment of the Appellate Court must be affirmed.                          *Judgment affirmed.*