JOHN MAINZER, Plaintiff, *v.* JACOB AVRIL, WILMA
AVRIL, JOSEPHINE K. AVRIL and TIENE FOXLOCHER
(Also Known as Tiene Fuchslocher), as the Com-
mittee of the Person and Estate of JOSEPHINE K.
AVRIL, an Incompetent, Defendants.

(Supreme Court, Kings Special Term for Trials, July, 1919.)

Divorce — when final judgment of, void — guardian ad litem —
lunatics — jurisdiction — partition.

While an action for divorce, brought by the guardian *ad
litem* of a wife who, twenty years before, had been judicially
declared an incompetent, was pending, said guardian *ad litem*
was appointed committee of her person and property. *Held,*
that the final judgment of divorce entered in the action was

void for want of jurisdiction and was subject to collateral attack.

The right to decide whether or not to bring the divorce action was a personal one which could not be exercised for the incompetent.

Where after the entry of the judgment in the divorce action the defendant was married and subsequently became the owner of certain real estate, in an action for the partition thereof it must be decreed that the incompetent is the lawful wife of the deceased owner of the premises.

ACTION in partition.

LeRoy W. Ross, for plaintiff.

Petersen, Steiner & Kohan (Jerome Steiner, of counsel), for committee of Josephine K. Avril, defendant.

Joseph J. Metzger, for defendants Jacob Avril and Wilma Avril.

CROPSEY, J. In this action in partition, the only question is which of two women is the lawful wife of the defendant Jacob Avril. He married both of them under the following circumstances: In 1892 he married Josephine K. Avril. Some ten years later she was adjudged an incompetent. Some ten or eleven years thereafter an action was brought in the name of Josephine K. Avril, by her duly appointed guardian *ad litem,* against Jacob Avril to obtain a divorce. While this action was pending, the guardian *ad litem* for Josephine was appointed committee of her person and property. Later a final judgment of divorce was entered and, pursuant to its provisions, Jacob Avril paid $3,000 to the committee of Josephine in lieu of all future alimony. Some months thereafter Jacob Avril married Wilma Avril, and later still acquired the properties involved in this action.

The question is upon the validity of the divorce obtained in the name of Josephine K. Avril by her guardian. Matrimonial actions are regulated by statute. They may be brought only as the statute permits. Though this precise question seems not to have been heretofore decided in this state, it has been determined here that an action to annul a marriage brought by the committee of an incompetent and based upon the claim that the incompetent was a lunatic at the time of the marriage could not be maintained. *Walter* v. *Walter,* 170 App. Div. 870; affd., 217 N. Y. 439. The basis for that decision · serves equally as the basis for a similar decision of the question here involved. No power had been given to maintain such an action, and the right to decide whether or not to bring the action was a personal one which could not be exercised for the incompetent by any one else. Though the grounds for divorce may have existed, the incompetent, upon becoming sane, might have preferred not to have brought an action but to have continued as the wife of the offending party. And this has been the decision in other jurisdictions. *Mohler* v. *Shank,* 93 Iowa, 273; 34 L. R. A. 161; cases in note 34 L. R. A. 166, 168. See also *Iago* v. *Iago,* 168 Ill. 339; 39 L. R. A. 115. And there are other cases in this jurisdiction which have a bearing upon the question. In *Matter of Dunn,* 64 Hun, 18, it was held that an inchoate right of dower could not be transferred or disposed of by the committee of the incompetent wife. And in *Camardella* v. *Schwartz,* 126 App. Div. 334, it was determined that the right of election which an incompetent widow had between dower and a testamentary provision was wholly personal and could not be exercised for her by any one else.

But it is urged that the invalidity of the judgment

of divorce cannot be attacked collaterally. This contention is unsound. The court never had jurisdiction, and the judgment of divorce was void. And that it may be attacked collaterally is stated in the very case cited in support of the contention that it cannot be so attacked. *Szirtes* v. *Bly,* 185 App. Div. 274.

The only further contention is that all the equities are with Wilma Avril and that Josephine K. Avril should be estopped from asserting the invalidity of the decree. This contention seems to rest principally upon the fact that Jacob Avril paid $3,000 to the committee of Josephine in lieu of all alimony. But it does not appear how that in any way affected Wilma. Furthermore, Josephine has been judicially declared to be incompetent, and that determination has not been revoked. It is, therefore, conclusive proof that her incompetency continues. *Wadsworth* v. *Sharpsteen,* 8 N. Y. 388; *Carter* v. *Beckwith,* 128 id. 312. Moreover, even if the adjudication was not conclusive, there was not sufficient proof given on the trial to warrant a finding that she is now competent. And the record shows that though she has been out of an institution for some years and made an application to vacate the order adjudging her incompetent that was denied. There is no basis whatever upon which it can be held that Josephine is estopped. See *Ackerman* v. *True,* 175 N. Y. 353. It is true that, under certain conditions, contracts made by incompetents may not be avoided. *McCarthy* v. *Bowling Green Storage & Van Co.,* 182 App. Div. 18, 22, 23. But such decisions have no bearing upon the question here presented.

There must be judgment decreeing that Josephine is the lawful wife of Jacob Avril, and for partition accordingly.

Judgment accordingly.