LENA KAPLAN, by SAM EDELMAN, Her Guardian ad Litem, Respondent, *v.* ISIDORE KAPLAN, Appellant.

(Argued March 23, 1931; decided May 19, 1931.)

*Bernard Chambers* for appellant. A person legally declared incompetent may not maintain an action for a separation through a duly authorized representative. (*Mainzer* v. *Avril*, 108 Misc. Rep. 230; *Matter of Steinway*, 159 N. Y. 250; *Burtis* v. *Burtis*, 1 Hopkins Ch. 557; *Johnson* v. *Johnson*, 206 N. Y. 561; *Ackerman* v. *Ackerman*, 200 N. Y. 76; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 459; *Brinkley* v. *Brinkley*, 50 N. Y. 187; *Griffin* v. *Griffin*, 47 N. Y. 138; *Cheny* v. *Arnold*, 15 N. Y. 348;

*Beery* v. *Beery*, 130 App. Div. 53; *Conrad* v. *Conrad*, 124 App. Div. 782; *Rice* v. *Andrews*, 127 Misc. Rep. 827; *Bailey* v. *Bailey*, 119 Misc. Rep. 433; *Pearson* v. *Pearson*, 104 Misc. Rep. 677; *Whitney* v. *Whitney*, 121 Misc. Rep. 485; *Walter* v. *Walter*, 217 N. Y. 439; *Birdzell* v. *Birdzell*, 33 Kans. 433; *Mohler* v. *Shank*, 93 Iowa, 273; *Dillon* v. *Dillon*, 274 S. W. Rep. 217.) The complaint does not state facts sufficient to constitute a cause of action. (*Otton* v. *Otton*, 196 App. Div. 403.)

*Avel B. Silverman* and *G. A. Cymberg* for respondent. An incompetent wife, through her representative appointed for that purpose, may bring an action for separation against her husband who has abandoned her. (*Mainzer* v. *Avril*, 108 Misc. Rep. 230; *American Mortgage Co.* v. *Dewey*, 106 App. Div. 392; *Burtis* v. *Burtis*, 1 Hopkins Ch. 557; Tiffany on Domestic Relations, 243; *Walter* v. *Walter*, 217 N. Y. 439.)

LEHMAN, J. By motion for judgment on the pleadings the defendant has raised the question whether an action for separation may be brought by an insane spouse through her guardian *ad litem*. The right to bring a matrimonial action in the civil courts is statutory. At common law only the ecclesiastical courts had jurisdiction.

The right to bring an action for separation is defined and regulated by article 69 of the Civil Practice Act and by some sections of article 70. These articles contain no express provision authorizing a guardian *ad litem* to bring such an action. The appellant argues that such authority may not be read into the statute by implication.

The statute does not expressly provide that an action for separation may be brought by an insane spouse through a guardian *ad litem;* neither does it expressly provide for an action by an infant through a guardian *ad litem*. Ordinarily, in the absence of some express limitation, a cause of action in favor of an infant or incompetent, arising either under the common law or conferred by

statute, may be prosecuted by a guardian *ad litem* or special guardian. Neither infancy nor insanity deprives a person of the right to appeal to the courts for redress of wrongs or for vindication of asserted rights. It cannot be questioned that an infant may bring an action for a separation through a guardian *ad litem*. Unless from the nature of the cause of action or from other sections of the statute we can find an implication of a contrary legislative intent, then an incompetent spouse may also prosecute such an action through an appropriate officer appointed by the court. Without some basis for such an implication, we may not assume that the Legislature, though providing a remedy by action for the failure of a party to carry out matrimonial obligations, impliedly limited these remedies to a sane spouse.

Infancy or insanity may itself be a ground for annulment of a marriage, and in such cases the statute provides by whom such an action shall be brought, since those for whom the remedy is provided cannot protect their own rights. Then actions brought by others, not named in the statute, will not lie. (*Walter* v. *Walter*, 217 N. Y. 439.) No inference can be drawn from these provisions of the statute that other matrimonial actions may not be maintained in behalf of an infant or incompetent. Certainly the Legislature never intended to deny them access to the courts for the protection of rights which the law grants to all injured parties.

At common law the ecclesiastical courts had power to grant a decree of annulment of marriage or a divorce *a mensa et thoro*. An action in the ecclesiastical courts for a limited divorce, analogous to an action for separation, might be maintained in behalf of a lunatic as well as actions for annulment of marriage. (*Parnell* v. *Parnell*, 2 Phillimore, 158.) It was pointed out in that case, brought in behalf of a lunatic, on the ground of the adultery of his wife, that unless such an action could be maintained a lunatic husband would be responsible for

the support of a wife, entitled to no maintenance. Here the wife seeks maintenance to which she is entitled, if the allegations of the complaint are true, from a recalcitrant husband. Certainly, there is no presumption that the Legislature intended to deny remedy to a wife in such position.

In 1857 the English Matrimonial Causes Act (20 & 21 Vict. ch. 85) was enacted. A new court for divorce and matrimonial causes was established with jurisdiction of matrimonial actions and power to grant a divorce *a vinculis*. The statute does not expressly provide that an action for separation or divorce might be maintained by a lunatic, but the court did not question the right to maintain an action in behalf of a lunatic for separation. (*Woodgate* v. *Taylor*, 2 Swabey & Tristram Rep. 512.) The right to maintain an action for absolute divorce either in behalf or against a lunatic was indeed questioned, and in *Mordaunt* v. *Mordaunt* (L. R. 2 Probate & Divorce, 103) the court held that because of its nature and results an action for divorce might not be maintained against an insane wife. Even in that case the argument of counsel and the discussion of the judges show that they did not question that an action for annulment or limited divorce might be maintained either by or against an insane spouse. That case was reversed on appeal. (*Mordaunt* v. *Moncrieffe*, L. R. 2 Scotch & Divorce Appeals [House of Lords], 374); the court pointing out that since Parliament, by statute, provided an action for absolute divorce, without any limitation that it might not be maintained in behalf of or against a lunatic, courts may not insert such a limitation by implication. There, as we have said, the action was brought against an insane spouse. The same rule is applied where the action is brought in behalf of an insane spouse. (*Baker* v. *Baker*, L. R. 5 Prob. Div. 142; affd., 6 Prob. Div. 12.)

The same question has never been decided by this court. We are not called upon to decide it now. Though gen-

erally in America the right to maintain a suit for absolute divorce *against* an insane spouse has not been questioned, in many jurisdictions the courts have held that because of the nature of the relief sought, such an action may not be maintained in behalf of a spouse who, because of infirmity of mind, cannot exercise intelligently a choice whether or not to use the means afforded by the law for the dissolution of bonds which would otherwise be indissoluble. (*Worthy* v. *Worthy*, 36 Ga. 45; *Birdzell* v. *Birdzell*, 33 Kan. 433; 2 Bishop on Marriage & Divorce, § 306-A; Smoot on Law of Insanity, § 426. See, also, note in 34 L. R. A. p. 166.) In spite of the fact that in the ecclesiastical courts an action for annulment of marriage could be maintained, in behalf of an insane spouse, perhaps there may be ground for an inference that the Legislature did not intend that the statutory right to bring an action for the dissolution of a marriage, valid in its inception and resting upon free consent, should be brought in behalf of an incompetent who, if capable of exercising choice, might prefer to hold even an unfaithful spouse, or who might, indeed, in good conscience, regard the marriage bonds as indissoluble.

Until the question is directly presented we postpone decision whether such an inference should be drawn in regard to actions for divorce. The reasons which might apply in such a case have no application here. As we have shown, even before the statutory action for an absolute divorce was created, actions for separation or limited divorce might be maintained in behalf of an incompetent. In such actions the relief which may be granted is based upon the continued existence of the marriage tie. Sometimes the end sought is, as in this case, the enforcement of the marital obligation of support; sometimes it is protection against the assertion of a marital right which has been lost by misconduct. In either case the statutory remedy is one which an insane spouse may need, at least as much as a sane spouse,

and which involves no change in matrimonial status. It cannot be presumed that the Legislature intended to leave an insane spouse completely at the mercy of the other party to the marriage contract, who might then with impunity disregard marital obligations or successfully assert marital rights lost by misconduct.

Even where the right to bring an action for a divorce in behalf of an incompetent spouse is denied, the courts have not denied the right to bring an action for separation in order to afford protection to an incompetent. (See 2 Bishop, Marriage & Divorce, § 307; 2 Nelson, Divorce & Separation, § 729; *Wray* v. *Wray*, 33 Ala. 187; *Mims* v. *Mims*, 33 Ala. 98.)

For these reasons the order should be affirmed, with costs, and the questions certified answered in the affirmative.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.