EDWARD B. GOULD, Plaintiff, *v.* WILMA A. GOULD, Defendant.

Supreme Court, Seneca County, September 19, 1931.

*James M. Ryan*, special guardian [*Nathan D. Lapham* of counsel], for the plaintiff.

*Daniel A. Boyle* [*Frank G. Raichle* of counsel], for the defendant.

KENYON, J.   Three motions are pending before the court; one on the part of the defendant asking to have the income of the plaintiff, Edward B. Gould, which is derived from a certain trust fund created by Edward B. Gould for his own benefit, sequestered, and a receiver

appointed to receive the sum sequestered, and that the receiver be directed among other things to pay certain counsel fees and temporary alimony to the defendant in accordance with an order made by this court heretofore. Plaintiff, after having commenced an action for absolute divorce against the defendant, was on the 13th day of May, 1931, duly committed by the county judge of Ontario county pursuant to the provisions of the Mental Hygiene Law to Brigham Hall as a mental incompetent. There is ample proof before the court that the plaintiff is suffering from dementia præcox, which is a progressive mental disease and which disease will with reasonable certainty continue to grow worse rather than improve. By order of this court James M. Ryan, Esq., was appointed on or about the 27th day of July, 1931, special guardian for the above-named Edward B. Gould, in this action, and by that order he was authorized and directed to appear for the plaintiff in the said action and represent him in any and all matters and proceedings that may arise in connection therewith.

As such special guardian, on the 10th day of September, 1931, on the same date on which the motion for sequestration of the plaintiff's income was held before the court, a motion was heard asking for a dismissal of the complaint upon the ground that said action could not be maintained by a special guardian as a representative of an incompetent plaintiff who was at the time insane.

A third motion was argued before the court asking to have issues framed in the divorce action.

The motion to discontinue the divorce action was opposed by the defendant through her counsel, unless it was granted upon the imposition of terms, either by a continuance of the alimony previously granted under the divorce action under the separation action which is embraced in her counterclaim, or that she be reinstated in the terms of a certain agreement made between the plaintiff and the defendant for her support. It will be noted in this connection that in the counterclaim the plaintiff repudiates, expressly, the separation agreement. As there is no motion pending before the court affecting the counterclaim, the court cannot, therefore, pass upon it. A reply has been made thereto which creates an issue which will continue regardless of the court's action upon the complaint herein as long as that counterclaim stands. The court feels it cannot make any order reinstating the separation agreement by reason of the fact of the express repudiation of it contained in the counterclaim and so holds.

The court declines to continue the present temporary alimony under the separation action contained in the counterclaim which is asked by the defendant as one of the alternative terms if the com-

plaint is to be dismissed. The separation action is based upon allegations of cruelty growing out of an alleged conspiracy and connivance to procure evidence for a divorce against the defendant by putting her in a compromising position with one Michael (Count) Romanoff. For two hours the court listened to the story of that so-called conspiracy. The defendant is a woman of mature years. She was evidently willing to receive the attentions of the " Count " at their inception. She could have broken them off at any time but did not elect to do so. The story is not impressive. The actions of the so-called conspirators were perfectly reconcilable with the actions of members of a family trying to protect the rights of an incompetent relative. It is doubtful if there is in the separation allegations enough evidence which would substantiate or justify the granting of alimony if made in such a separation action in the first incidence. Therefore, such allegations do not furnish sufficient justification to be made the basis of the imposition of terms in this motion as requested by the defendant. In his long dissertation before the court the counsel for the defendant admitted that the plaintiff, Edward B. Gould, in all probability took no part in the alleged acts of conspiracy. If that be correct, the court would not be justified in depleting the property of the incompetent, which may be sorely needed by him before his death, thereby penalizing him for actions in which he did not participate. Consequently that application is denied.

Passing to the question of the propriety of a special guardian carrying on to a conclusion an action for absolute divorce in behalf of an insane plaintiff, that is one, I believe, which has not been definitely passed upon in this State. It is true, of course, that a special guardian may maintain an action in behalf of an infant incompetent to annul a marriage or for a separation, but in that case the guardian has at his side a person who, though by reason of the law is regarded as incompetent to maintain the action, yet has an active, healthy, functioning mind capable of expressing a desire or wish in the matter. A special guardian may defend in an action the rights of an incompetent person. In that case, however, the special guardian is attempting to preserve certain rights or a certain status of the incompetent. It has been held that an action may be maintained by a special guardian for a separation. In that case, however, the marriage status is not destroyed.

The court, in this case, feels inclined to grant the motion to dismiss the complaint. Legally the marital status of the plaintiff as it appears before the court is that plaintiff is an incompetent person by reason of insanity; that he is suffering from dementia præcox, a progressive disease, and that by reason thereof, to a reasonable

certainty, the plaintiff will never recover, and that at any rate at the present time plaintiff, because of his infirmity of mind, cannot exercise intelligently a choice as to whether or not to use the means afforded by the law for the dissolution of the bonds which would otherwise be indissoluable. (*Kaplan* v. *Kaplan*, 256 N. Y. 366, which case cites *Worthy* v. *Worthy*, 36 Ga. 45; *Birdzell* v. *Birdzell*, 33 Kan. 433; 2 Bishop Marr. & Div. § 306-a; Smoot Law of Insanity, § 426; *Mohler* v. *Shank's Estate*, 93 Iowa, 273, 61 N. W. 981.) The contract of marriage and the state of matrimony is a relationship so sacred and so intimate in its character that a special guardian cannot be called upon to exercise the judgment or choice which a normally minded spouse would have a right to exercise. The spouse might prefer to hold even an unfaithful spouse. Many other reasons might arise which would cause the spouse to desire to discontinue the action even after it had been brought and even with knowledge of acts of infidelity. Or the spouse, entirely within the bounds of reason, might elect to forgive and condone these acts and discontinue the action. If the special guardian should pursue this action to a conclusion, he would be acting in an aggressive role with the end resulting in a destruction of the marriage status. A special guardian who is acting for a defendant is in quite a different role, *i. e.*, he is trying to preserve a status. The distinction is great.

If the complaint is to be dismissed, there is no reason left for the framing of issues; consequently, the application by the defendant for an order directing the framing of issues of fact and the trial thereof in the action for divorce is denied.

For the reasons set forth above, the motion made on behalf of the special guardian to dismiss the complaint of Edward B. Gould v. Wilma E. Gould for divorce is granted upon the ground that it cannot be prosecuted by a special guardian during the mental incompetency of the plaintiff. This order is made without prejudice to the bringing of a new action by the plaintiff against this defendant upon the same or other facts if he shall regain mental capacity and so desires. Jurisdiction of the application to sequester the income of the plaintiff and for the appointment of a receiver is retained by this court. For the guidance of the parties this court will say that the terms of the order providing for counsel fees, disbursements and temporary alimony, previously made by this court, must be complied with up to and including the date of the entry of the order dismissing the complaint. The parties interested may apply to this court for an order upon that application if it becomes necessary. The costs and disbursements of the action to date should also be paid by the plaintiff. Ten dollars costs of this motion to the plaintiff. Let an order be entered accordingly.