In the Matter of the Application of ANSHEL BABUSHKIN, as Substituted Committee of SAMUEL HIRSCH, an Incompetent Veteran, for Leave to Sue RAY HIRSCH.

Supreme Court, Special Term, Bronx County, July 18, 1941.

*Leon H. Schoen,* for the petitioner.

EDER, J. This is an *ex parte* application by the substituted committee of an incompetent veteran for an order to appoint a special guardian *ad litem* to commence an action for an absolute divorce on behalf of the incompetent against his wife and to retain an attorney to prosecute said action and to advance all necessary and reasonable disbursements and costs that said action may entail.

The incompetent has been an inmate of a United States veterans' hospital since February 7, 1929. It is alleged that the incompetent's wife has been living in adultery for upwards of five years.

This is an unusual application and concerns, primarily, the status of a *non compos* as plaintiff and the authority of the guardian of an incompetent to maintain an action for divorce against the erring spouse.

Marriage is a personal status brought into being with the free and voluntary consent of the parties assuming that relation and it continues for the lifetime of the parties save and except when the sacred relation is dissolved by virtue of statutory authorization for wrong committed against such relation by the other party. Even in such a case it requires the active and affirmative volition of the injured and innocent spouse.

Since, then, the right to sue for an absolute divorce is a purely personal one, of necessity it requires the intelligent action of the injured party. Being incompetent or insane the requisite intelligent action is wanting. Can this personal right be the subject of transfer to and be exercised by another on behalf of the incompetent to the same extent and with the same effect as if it had been exercised by the incompetent himself as if he were of sound mind? I do not think so.

Condonation or forgiveness by the wronged husband or wife, as the case may be, is not an impossibility, and, indeed, is recognized in law as a bar to an action for either a limited or absolute divorce. The aggrieved husband or wife may, for divers reasons, choose to continue the connubial ties, notwithstanding the wrong. An incompetent or insane person is not regarded as being capable or in a condition to exercise a proper or intelligent discretion in the matter; that another may exercise it for him is denied in other jurisdictions where it is held that a guardian or next friend cannot maintain a suit for absolute divorce for his ward. (*Worthy* v. *Worthy*, 36 Ga. 45; *Iago* v. *Iago*, 168 Ill. 339; 48 N. E. 30; *Bradford* v. *Abent*, 89 Ill. 78; *Birdzell* v. *Birdzell*, 33 Kan. 433; 6 P. 561; *Ellis* v. *White*, 61 Iowa, 644; 17 N. W. 28. See, also, Smoot, Law of Insanity [1929 ed.], § 426.)

In *Kaplan* v. *Kaplan* (256 N. Y. 366) the following question was certified to the Court of Appeals: " May a person legally declared incompetent maintain an action for a separation through a duly authorized representative?" This question was answered in the affirmative. As to whether an action for an absolute divorce may be maintained through such a representative is a matter the court said it would determine when the question is directly presented.

My research has not unearthed any case in this State involving this specific question. In the *Kaplan* case the Court of Appeals referred to the fact that the action was brought for a separation and that the suit was based upon the *continued* existence of the

marriage tie but seems to intimate that a different rule obtains in the case of a suit for absolute divorce. The court said, " there may be ground for an inference that the Legislature did not intend that the statutory right to bring an action for the dissolution of a marriage, valid in its inception and resting upon free consent, should be brought in behalf of an incompetent who, if capable of exercising choice, might prefer to hold even an unfaithful spouse, or who might, indeed, in good conscience, regard the marriage bonds as indissoluble."

In the light of the views expressed by the courts in other jurisdictions, and the intimation in *Kaplan* v. *Kaplan* (*supra*) and after due reflection, I have come to the conclusion that the guardian or other representative of an incompetent or insane person cannot maintain an action for absolute divorce against the offending spouse; that it is a right strictly personal to the party aggrieved and is solely under the control of the person injured by the infidelity of the other and that it is wholly at the volition of that party whether a suit shall be begun and prosecuted or not.

The application is accordingly denied.