AMY E. MOHRMANN, Respondent, *v.* FREDA M. KOB, as Committee of WILLIAM G. MOHRMANN, Also Known as WILLIAM MOHRMANN, JR., an Incompetent Person, and WILLIAM G. MOHRMANN, Also Known as WILLIAM MOHRMANN, JR., Appellants.

Second Department, May 25, 1942.

*Edwin D. Kenyon,* for the appellants.

*Oscar Habas,* for the respondent.

ADEL, J. The main question is whether or not an adjudicated incompetent person, through his legal representative, may maintain an action for divorce. The plaintiff and the defendant William G. Mohrmann were married on February 16, 1916. Shortly thereafter they separated and entered into a separation agreement under which the husband agreed to pay his wife a sum of money each month for the term of her natural life, which sums were agreed to be paid and received in full satisfaction of support, maintenance and alimony.

In July, 1923, the husband was adjudicated an incompetent. In January, 1924, the defendant Freda M. Kob was appointed committee of his person and property; she duly qualified, and has acted as such committee since.

In October, 1941, the wife obtained permission of the Supreme Court to bring this action to recover payments provided for in the separation agreement. It is alleged in the complaint that she

has duly performed her part of the agreement, and that monthly payments have not been made to her since November 1, 1921. Judgment against the defendants, who are the incompetent and his committee, is demanded in the sum of over $5,000.

The answer alleges as a " Fourth affirmative defense " and by way of a counterclaim that since June 1, 1916, which is the date of the separation agreement, the wife has been living in open, continuous and notorious adulterous relationship with a man other than her husband, that there are several children who are issue of that relationship, and that the said relationship continues. It is further alleged that the adulteries have been committed without the consent of the husband, and that the other statutory requirements necessary to the maintenance of an action for a divorce, as set forth in article 68 of the Civil Practice Act, have been satisfied.

I believe it has been correctly held that the foregoing allegations, contained in the " Fourth affirmative defense and * * * counterclaim " are insufficient as facts to constitute a defense to the wife's action for enforcement of the payments provided for in the separation agreement. The parties did not stipulate that the agreement was to end upon the wife's commission of an act of adultery. The only stipulation in the agreement in that respect is as follows: " If party of the second part [wife] shall commit any act which shall entitle party of the first part [husband] to a divorce under the Laws of the State of New York, then *upon such divorce being obtained* the provisions herein shall be null and void." (Emphasis mine.) The parties might have agreed that the payments were to cease upon the *commission* of an act of adultery by the wife, but the writing shows that that was not the nature of the agreement. The fact of the wife's adultery is not a defense to her action on the separation agreement; and. I believe the Special Term justice was correct in granting the motion to strike out the fourth affirmative defense. (*Randolph* v. *Field*, 165 App. Div. 279; *Egan* v. *Egan*, 240 id. 714. Cf. *Clark* v. *Fosdick*, 118 N. Y. 7.)

While the matter is insufficient as a defense it does not follow that it is insufficient as a counterclaim. The allegations are those sufficient to allege the ordinary action for a divorce on the ground of adultery; but the counterclaim has been struck out on the ground that neither the incompetent nor his committee is permitted to maintain the statutory action for a dissolution of a marriage. The proposition seems never to have been decided by an appellate court of this State. In the case of an action for a separation it has been settled that the plaintiff's incompetency is no bar to the action. (*Kaplan* v. *Kaplan*, 256 N. Y. 366.) The opinion therein

by LEHMAN, J. (now Chief Judge) states expressly and at length that the right to maintain an action for divorce by or on behalf of an incompetent person is left as an undecided question by that court (pp. 369–371).

The courts of first impression in this State have uniformly held that a divorce action cannot be maintained by or on behalf of an incompetent. (*Mainzer* v. *Avril*, 108 Misc. 230; *Gould* v. *Gould*, 141 id. 766; *Matter of Babushkin* [*Hirsch*], 176 id. 911.) The reasons assigned for those decisions have generally been that the right to bring the action is a purely personal one to the incompetent, and it might be that if the incompetent were possessed of his full senses he would want to condone the offense and keep the marital relationship undissolved. In other jurisdictions the same result has been reached. (*Worthy* v. *Worthy*, 36 Ga. 45; 2 Bishop on Marriage and Divorce, § 525.) In *Walter* v. *Walter* (217 N. Y. 439) it was held that an incompetent, through his committee, could not maintain an action for an annulment on the ground that he was a lunatic at the time he entered into the marriage. But the basis of the decision was that the relevant statute did not include such an action. (See *Kaplan* v. *Kaplan, supra*, p. 368.) In England the rule seems to be that the divorce action may be maintained, the reasoning being that an incompetent should not be compelled to remain tied to an adulterous spouse. (*Baker* v. *Baker*, L. R. 5 Prob. Div. 142; affd., 6 id. 12.)

I am of the opinion that the present action (alleged by way of a counterclaim) can be maintained, disregarding other considerations, on the ground that the divorce statute does not bar an incompetent from enjoying the remedy granted to others. There is no common-law jurisdiction of divorce actions in this State; the jurisdiction is exclusively statutory. (*Crouch* v. *Crouch*, 193 App. Div. 221.) There is nothing in the statute (Civ. Prac. Act, arts. 68 and 70) which indicates that it is not applicable in the case of an incompetent plaintiff and, particularly, it does not state affirmatively that its provisions are not as readily available to incompetents as to other persons. For these reasons I believe that the matter alleged in paragraphs VIII to XVII of the answer is sufficient as a counterclaim. Moreover, the agreement upon which the action is brought, and from which I have quoted above, contemplates the bringing of an action for divorce in the event of the wife's adultery. The order from which appeal is taken should be modified accordingly. In so far as the order disposes of the motion directed to the other defenses and counterclaims I believe it is correct and should not be modified in those respects.

LAZANSKY, P. J., HAGARTY, JOHNSTON and CLOSE, JJ., concur.

Order granting in part and denying in part plaintiff's motion to strike out the defenses and counterclaims alleged in the answer, modified on the law by striking from the first ordering paragraph the words " the fourth defense and counterclaim," by striking from the second ordering paragraph the words " the fourth affirmative defense and counterclaim," and by inserting a provision denying the motion as to paragraphs VIII to XVII, inclusive, of the answer, said paragraphs to stand as a counterclaim. As thus modified, the order, in so far as appealed from, is affirmed, without costs.