Nicholas M. Pette, J.
Plaintiff, an incompetent person confined for over eight years in a mental institution, has brought this action for an absolute divorce upon the ground of defendant’s adultery and now moves for an order for the appointment of a guardian ad litem to prosecute the action in his behalf and also to defend against defendant’s counterclaim for an annulment of the marriage upon the ground that he is incurably insane.
Defendant opposes that branch of the motion for the appointment of a guardian ad litem to prosecute the action for an absolute divorce, contending that a guardian ad litem may not be appointed to bring an action for divorce for an incompetent and citing Matter of Babushkin (176 Misc. 911) in support of said contention. Defendant also urges that an action for divorce is personal and could not be maintained by an incompetent’s committee under former section 1377 of the Civil Practice Act and cites Mohrmann v. Kob (291 N. Y. 181) as authority for that contention. Defendant further urges that the right to decide whether or not to bring the divorce action is a personal one which cannot be exercised for an incompetent, citing Mainzer v. Avril (108 Misc. 230).
In Mohrmann v. Kob (supra,) the Court of Appeals held that the committee of an incompetent husband could not maintain a counterclaim for divorce on the ground of the wife’s adultery in her action for the breach of a separation agreement. Therefore, that case is inapplicable to the facts in the case at bar. Judge Thaoher dissented with a lengthy opinion in that case in which Rippey, J., concurred.
*253 In the case of Babushkin (supra, affd. 263 App. Div. 715, without opinion and in which Townley and Unterm yeb, JJ., dissented), an application by the substituted committee of an incompetent for an order to appoint a special guardian ad litem to commence an action for an absolute divorce on behalf of the incompetent against his wife was denied. There, the court in substance stated that the guardian or other representative of an incompetent or insane person cannot maintain an action for absolute divorce against an offending spouse, since it is a right strictly personal to the party aggrieved and is solely under the control of the person injured by the infidelity of the other, and that it is wholly at the volition of such injured party whether suit shall be begun and prosecuted.
In the ease of Kaplan v. Kaplan (256 N. Y. 366), the following question was certified to the Court of Appeals: “ May a person legally declared incompetent maintain an action for a separation through a duly authorized representative? ” That question was answered in the affirmative and as to whether an action for an absolute divorce may be maintained through such a representative is a matter which the court said it would determine when the question is directly presented. However, Judge Lehman-, in the opinion in that case, which was concurred in by the unanimous court, stated (pp. 367-369, 371):
“ The statute does not expressly provide that an action for separation may be brought by an insane spouse through a guardian ad litem-, neither does it expressly provide for an action by an infant through a guardian ad litem. Ordinarily, in the absence of some express limitation, a cause of action in favor of an infant or incompetent, arising either under the common law or conferred by statute, may be prosecuted by a guardian ad litem or special guardian. Neither infancy nor insanity deprives a person of the right to appeal to the courts for redress of wrongs or for vindication of asserted rights. It cannot be questioned that an infant may bring an action for a separation through a guardian ad litem. Unless from the nature of the cause of action or from other sections of the statute we can find an implication of a contrary legislative intent, then an incompetent spouse may also prosecute such an action through an appropriate officer appointed by the court. Without some basis for such an implication, we may not assume that the Legislature, though providing a remedy by action for the failure of a party to carry out matrimonial obligations, impliedly limited these remedies to a sane spouse.
‘ ‘ Infancy or insanity may itself be a ground for annulment of a marriage, and in such cases the statute provides by whom *254 such an action shall be brought, since those for whom .the remedy is provided cannot protect their own rights. Then actions brought by others, not named in the statute, will not lie. (Walter v. Walter, 217 N. Y. 439.) No inference can be drawn from these provisions of the statute that other matrimonial actions may not be maintained in behalf of an infant or incompetent. Certainly the Legislature never intended to deny them access to the courts for the protection of rights which the law grants to all injured parties. * * *
“ An action in the ecclesiastical courts for a limited divorce, analogous to an action for separation, might be maintained in behalf of a lunatic as well as actions for annulment of marriage. (Parnell v. Parnell, 2 Phillimore, 158.) It was pointed out in that case, brought in behalf of a lunatic, on the ground of the adultery of his wife, that unless such an action could be maintained a lunatic husband would be responsible for the support of a wife, entitled to no maintenance. Here the wife seeks maintenance to which she is entitled, if the allegations of the complaint are true, from a recalcitrant husband. Certainly, there is no presumption that the Legislature intended to deny remedy to a wife in such position. * * * It cannot be presumed that the Legislature intended to leave an insane spouse completely at the mercy of the other party to the marriage contract, who might then with impunity disregard marital obligations or successfully assert marital rights lost by misconduct.” (Emphasis supplied.)
In the light of the above-quoted cogent observations by Judge Lehman in Kaplan v. Kaplan (supra) and the fact that the Appellate Division, First Department, affirmed Matter of Babushkin (supra) without opinion and with two of the Justices dissenting, as well as the fact that the Court of Appeals has never passed upon the question of whether a guardian ad litem may be appointed for an incompetent for the purpose of bringing an action against his spouse for absolute divorce upon the ground of her adultery, this court is reluctant to follow the holding in Matter of Babushkin (supra).
This court is of the opinion that the foregoing statements of Judge Lehman in Kaplan v. Kaplan (supra) apply to the facts in the case at bar and in the interests of justice a guardian ad litem should be appointed for the incompetent to enable bim to institute and prosecute this action for an absolute divorce against the defendant on the ground of her adultery. For as Judge Lehman has pointedly stated: “ It cannot be presumed that the Legislature intended to leave an insane spouse completely at the mercy of the other party to the marriage contract, *255 who might then with impunity disregard marital obligations or successfully assert marital rights lost by misconduct.”
Plaintiff’s motion for the appointment of Harry McBae, Sr., for the purpose of instituting and prosecuting this action against the defendant for an absolute divorce upon the ground of her adultery is granted. The court will appoint an attorney at law as special guardian of said incompetent plaintiff to protect the rights of said plaintiff in the matter of defendant’s counterclaim herein for an annulment of her marriage to the plaintiff upon the ground that plaintiff is incurably insane. Plaintiff’s motion in all other respects is denied.