James J. Crisona, J.
This is an action in negligence, nuisance and “violation of statutory duties” to recover damages for personal injuries allegedly sustained by the plaintiff as the result of falling on an allegedly snow-covered flagstone walk leading from the house owned by the defendants to the highway as she was leaving such house on Sunday morning, February 10, 1963, on her day off as a housekeeper therein.
In addition to denying the material allegations of the complaint, the defendants interposed four complete defenses, of which the first is now challenged by the plaintiff for legal insufficiency pursuant to CPLR 3211, subd. (b). The substance of this defense is that the plaintiff’s sole and exclusive remedy is limited to her rights, compensation and/or benefits under section 29 of the Workmen’s Compensation Law of the State of New York inasmuch as the accident for which she seeks compensation for injuries sustained occurred in the course of her employment by the defendants.
As permitted by CPLR 3211, subd. (c), the plaintiff and the defendants have supported their respective contentions by affidavits and documentary proof from which it appears that after a hearing before the Workmen’s Compensation Board on September 18, 1963 in which the plaintiff was represented by an attorney, B. Grossman, Esq., the plaintiff was awarded for her disability claim the sum of $564 for the period of 28%th weeks from February 11, 1963 to August 27, 1963 at $20 per week and that the case was continued, the decision noting “Accident notice and causal relation for head and back ”. By a later decision based upon a hearing on March 3, 1964, in which the plaintiff was represented by the same attorney, her weekly rate was increased to $30, thereby increasing the award to $846 for the *198 same period and attorney B. Grossman was awarded $35 payable by separate check. The prior award was rescinded, the Compensation Board noting, however, “ MR 30 issue held in abeyance.”
The defendants’ claim that the plaintiff received and retained the foregoing compensation benefits pursuant to the award is not contradicted. Nevertheless, the plaintiff, now appearing by new attorneys, has instituted the instant action against the owners of the dwelling where she was employed as a domestic and in connection with the challenged defense she contends (1) that the Workmen’s Compensation Board has no jurisdiction, (2) that the plaintiff was not employed by the defendant Sanford Brass, (3) that section 29 of the Workmen’s Compensation Law is not available to the defendants as the plaintiff was not injured by a fellow employee and (4) that the accident did not arise out of and in the course of her employment because when it occurred she was leaving the house on her day off from such employment.
It has been held that an award by the Workmen’s Compensation Board necessarily determines that the claimant was injured during the course of his or her employment and that such determination is binding and conclusive upon such claimant until vacated or modified by direct proceedings under the Workmen’s Compensation Law and that by virtue of such a determination or findings the sole remedy of the claimant is under the Workmen’s Compensation Law. (See Harman v. Ohrbach’s, 15 A D 2d 549; Lambiase v. Schechter, 22 A D 2d 648 and the authorities there cited.)
The difficulty in this case, however, is that while the plaintiff in her bill of particulars verified February 18, 1965 stated that she “ was a housekeeper, an invitee and a roomer of the defendants ” and “ worked steadily for the defendants, except that every other Sunday was her day off” and in the notice of retainer and appearance before the Workmen’s Compensation Board dated August 31, 1964, she stated (represented by her present attorneys) “ that Sanford Brass and Harriet Brass ” were her employers, a similar document executed by her on July 16,1963, when she was represented by her former attorney, stated that only Sanford Brass was her employer. Both decisions of the Workmen’s Compensation Board already referred to, however, state that Mrs. Harriet Brass was plaintiff’s employer and no mention is made of her husband, Sanford Brass. In addition, the reply affidavit of one of plaintiff’s attorneys, sworn to June 29, 1965, supported by documentary proof, compounds the confusion as to whether Mrs. Brass or her hus *199 band, or both, employed the plaintiff, plaintiff claiming that the husband was the third party whose compensation carrier had voluntarily covered the claim against his wife, who was uninsured and from whom he was separated.
A judgment of separation, however, does not dissolve the marriage relation which still continues with all the legal obligations of the husband to provide for the support of the wife. (Kaplan v. Kaplan, 256 N. Y. 366, 370; MacKay v. MacKay, 279 App. Div. 350, 354; Gibson v. Gibson, 81 Misc. 508, 513.) Under these circumstances, this court is of the opinion that the award that the plaintiff herein has already accepted and retained is conclusive until vacated or modified by direct proceedings under the Workmen’s Compensation Law. (See Herman and Lambiase, supra.) In the last-mentioned case, the Appellate Division of the Third Department cited Klein v. Pepe (99 N. Y. S. 2d 794). There it was held that where a driver of an automobile involved in a collision was a member of a partnership which employed the injured passenger and an award in workmen’s compensation was pleaded as a defense to the action brought by the passenger against the driver to recover for the same injuries, such award was conclusive upon the plaintiff and the court had no jurisdiction to maintain the plenary action. In support of such determination, the court cited Williams v. Hartshorn (296 N. Y. 49). There it was held that the administrator of an employee of a partnership who died as a result of injuries arising out of and in the course of his employment could not maintain a common-law action in negligence against the partner who owned the premises where the partnership business was carried on and where the employee was killed on the ground that such an action would violate not only the letter but also the spirit and purpose of the Workmen’s Compensation Law by which it was intended to provide, in favor of an employee as against his employer, a comprehensive and exclusive remedy for injury or death sustained in the employment and that the fact that the defendant in the action for negligence was but one member of the partnership which employed the deceased did not alter the result since, in the absence of legislative treatment to the contrary, a partnership is not to be regarded as a separate entity distinct from the persons who comprise it.
So, too, it seems to this court is the “ partnership ” between man and wife where, as here, they both owned the house in which the plaintiff was employed as a housekeeper at the time of the accident. The fact that they may have been separated at the time is of no consequence since, as already noted, even a judicial separation would not dissolve the marriage relationship or ter *200 mínate the husband’s legal obligation to provide for the support of his wife, the measure and extent of which being fixed in the New York decree. Moreover, the bill of particulars verified by the plaintiff herself explicitly states on the bottom of page 2 and on the top of page 3 thereof that she ‘‘ was a housekeeper * * * of the defendants * * * worked steadily for the defendants * * * received a salary from the defendants of $60.00 a week, plus a furnished room for her to live in * * * and three meals a day.”
The plaintiff’s motion to dismiss the first defense is accordingly denied and summary judgment is granted in favor of the defendants pursuant to CPLR 3211, subd. (c), dismissing the plaintiff’s complaint upon the ground that the challenged defense has been established as a matter of law “ and on the further ground that, in any event, acceptance of the payments constituted an accord and satisfaction. ” (Meaney v. Keating, 279 App. Div. 1030.)