In the Matter of IRVING WECHSLER NANCY CRESAP-HIGBEE, as Guardian of IRVING WECHSLER, Respondent; GRACE WECHSLER, Appellant. [771 NYS2d 117]—

Order, Supreme Court, New York County (William Davis, J.), entered July 1, 2002, which denied respondent's motion for a declaration that petitioner guardian exceeded the scope of her authority by commencing a divorce action on behalf of respondent's incompetent husband, unanimously reversed, on the law, without costs, the motion granted, and it is declared that petitioner guardian exceeded the scope of her authority by commencing a divorce action on behalf of her ward.

Respondent and her husband have been required to live apart since March 2000 when he was hospitalized in connection with several violent incidents towards his wife as a consequence of dementia associated with Alzheimer's disease. Petitioner was appointed guardian of Irving Wechsler's person and property with the power, inter alia, to "[r]etain counsel, subject to court approval of fees, and defend or maintain any civil judicial proceeding." The order of appointment directed that the guardian preserve, protect and account for Mr. Wechsler's property and financial resources faithfully and that she furnish quarterly accounts to respondent.

In November 2001, petitioner commenced a no-fault divorce proceeding on behalf of Irving Wechsler against respondent in the Court of Common Pleas, Philadelphia, Pennsylvania. Respondent brought this motion by way of order to show cause seeking an order declaring that petitioner exceeded her powers under the order of appointment. Supreme Court denied the application, holding that the grant of authority to "maintain any civil judicial proceeding" was sufficiently broad to encompass the commencement of the divorce action.

This matter is governed by the decision in *Mohrmann v Kob* (291 NY 181, 184 [1943] [construing Civ Prac Act § 1377]), which is wholly dispositive of the issue of whether "an action for absolute divorce [may] be maintained by the [guardian] of an insane husband against the latter's wife." The Court noted that whether to pursue divorce proceedings is a personal decision in which the element of volition is implicit (*id.* at 188), and that the husband lacked the capacity to make a competent deci-

sion. As to the powers of the guardian to maintain proceedings, it observed that "the use of the word 'any' did not include an action for divorce which the Legislature has always treated separately and completely" (*id.* at 189). The Court held that absent statutory authority permitting a guardian to commence a divorce action on behalf of a ward, the courts may not assume to grant such power (*id.* at 190; *see also Matter of Babushkin*, 176 Misc 911, 913 [1941], *affd* 263 App Div 715 [1941], *appeal dismissed* 287 NY 785 [1942]). There is no suggestion that Irving Wechsler possessed the capacity to consent to a divorce action on his behalf, and the commencement of proceedings against respondent in the Pennsylvania courts was ultra vires.

Any perceived deficit in the level of care provided to the incompetent individual and any failure to account for funds administered by the guardian as well as the propriety of the disposition of the incompetent's assets or their possession by respondent are issues properly addressed by way of an application pursuant to article 81 of the Mental Hygiene Law. Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.